IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

COURTNEY GATHERS,

     Plaintiff,

v.                                                        CASE NO. 5:16-cv-81-LC-GRJ

ERIC LEE,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

     This case is presently before the Court on Defendant's Motion for

Summary Judgment.  (ECF No. 27.)  Upon the filing of Defendant's motion,

the Court ordered Plaintiff to file a response on or before March 23, 2017.

(ECF No. 32.)[1] When Plaintiff failed to respond, the Court ordered Plaintiff

to show cause on or before April 27, 2017, as to why the motion for

summary judgment should not be granted. (ECF No. 35.) Despite these

two orders from the Court, as of the date of this report and

_____

[1] In the order, the Court advised Plaintiff that "(1) failing to respond to
Defendant's summary judgment motion will indicate that the motion is not opposed; (2)
all material facts asserted in the motion will be considered admitted unless controverted
by proper evidentiary materials (e.g., Plaintiff's sworn counter-affidavit, other witnesses'
sworn counter-affidavits, depositions, exhibits, etc.); and (3) Plaintiff may not rely solely
on the allegations of the issue pleadings (e.g., complaint, answer, etc.) in opposing the
summary judgment motion." (*See* ECF No. 32.)

recommendation, Plaintiff has failed to file a response. This matter is, therefore, ripe for review.  For the reasons discussed below, the undersigned recommends that Defendant's motion for summary judgment be granted.

## I.  BACKGROUND

Plaintiff alleges that on March 29, 2015, while he was incarcerated at Northwest Florida Reception Center Annex ("NWFRC Annex"),[2] Defendant physically assaulted Plaintiff by striking Plaintiff's left arm with a sharp object on his way from J-dormitory to medical. Plaintiff alleges that Defendant repeatedly said "I should kill you right now nigger" and threatened to kill Plaintiff if he told anyone, including medical staff, about his resulting lacerations. As a result of this incident, Plaintiff argues that Defendant violated his Eighth and First Amendment rights. He requests $100,000 in compensatory damages and $100,000 in punitive damages. (ECF No. 1 at 5–7.)

Defendant filed a motion for summary judgment, arguing three grounds: (1) Defendant is entitled to Eleventh Amendment immunity, (2)

---

[2] Plaintiff is presently incarcerated at Jefferson Correctional Institution.

Defendant is entitled to qualified immunity, and (3) Plaintiff is not entitled to recover any damages per 42 U.S.C. § 1997e(e). (ECF No. 27.)

In support of Defendant's motion, he submitted Plaintiff's FDOC Inmate Population Information Detail (ECF No. 27-2); FDOC disciplinary report packet (ECF No. 27-3); declaration of Defendant (ECF No. 27-4 ("Def. Decl.")); Office of the Inspector General case report (ECF No. 27-5); Plaintiff's medical records (ECF No. 27-8); Plaintiff's grievance and response (ECF No. 27-9); Plaintiff's grievance appeal and response (ECF No. 27-10); excerpts of Plaintiff's deposition (ECF No. 27-11 ("Pl. Depo.")); and the fixed wing video (ECF No. 33 ("Video")) and recorded testimony of Plaintiff (ECF No. 33 ("Rec. Testimony")).

Plaintiff failed to respond to Defendant's motion and therefore has not submitted any evidence refuting Defendant's motion for summary judgment. Pursuant to Fed. R. Civ. P. 56(e),

> [i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>     (1) give an opportunity to properly support or address the fact;
>     (2) consider the fact undisputed for purposes of the motion;
>     (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show

that the movant is entitled to it; or
  (4) issue any other appropriate order.

The Court may, however, consider Plaintiff's complaint when ruling on Defendant's motion for summary judgment. 28 U.S.C. § 1746 provides that

> [w]herever, under any . . . rule, . . . any matter is required or permitted to be supported, evidence, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidence, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated . . . .

Plaintiff's complaint is signed under penalty of perjury. (ECF No. 1 ("Compl.")) Thus, the Court can properly treat Plaintiff's complaint like a sworn affidavit. *See Sammons v. Taylor*, 967 F.2d 1533, 1545 n.5 (11th Cir. 1992) ("[T]his Court has recognized that facts alleged in an inmate's sworn pleading are sufficient [to defeat a properly supported motion for summary judgment] and that a separate affidavit is not necessary."). The Court may, therefore, consider Plaintiff's sworn allegations in his complaint in ruling on the motion for summary judgment.

# II. EVIDENCE

On March 29, 2015, Plaintiff was incarcerated at NWFRC Annex. (Compl.) Around 12:15 p.m., Plaintiff was disobeying institutional regulations by "yelling out into the quad from cell to cell," and Defendant issued a Disciplinary Report for this conduct. (ECF No. 27-3; Def. Decl. at 2; ECF No. 27-5 at 20.) Soon after Plaintiff received this disciplinary report,[3] he declared a medical emergency. (ECF No. 27-5 at 11, 20.) An officer then escorted Plaintiff to a holding cell by holding Plaintiff's right arm. (Def. Decl. at 2–3; ECF No. 27-5 at 20–21.) From this holding cell, Plaintiff was escorted to medical.[4] (Def. Decl. at 2–3.) Plaintiff made no allegation of physical assault to medical staff, and they determined that no immediate treatment was necessary. (ECF No. 27-5 at 11, 28; ECF No. 27-8 at 89.) Defendant then escorted Plaintiff from medical directly back to his cell, holding Plaintiff's left arm between his elbow and wrist. (Def. Decl. at 2–3; ECF No. 27-5 at 20–21.)

---

[3] According to the report from the Inspector General's Office, Plaintiff declared his medical emergency at 12:33 p.m. (ECF No. 27-5 at 20; Fixed Wing Video.) Plaintiff was evaluated by medical staff at 12:50 p.m. (*Id.* at 11.) This contradicts Plaintiff's allegation that he was escorted to medical around 12:00 a.m. (Compl. at 5.)

[4] Defendant asserts that he did not escort Plaintiff from his cell to the holding cell, but Defendant believes, although he is not positive, that he escorted Plaintiff from the holding cell to medical. (Def. Decl. at 3.)

The video evidence of Plaintiff's escort to and from medical does not show any signs of physical assault. Instead, the video evidence shows Plaintiff declaring a medical emergency, after which he is escorted from his cell in J-dormitory by one officer holding his right arm and another officer walking with them. Plaintiff is then escorted back to his cell by Defendant holding his left arm below the elbow and another officer walking closely by. While the video evidence does not show what occurred when Plaintiff was seen by medical staff, the video evidence of Plaintiff's escort to and from medical shows Plaintiff and the officers walking calmly and quietly, without incident. (Video at 12:33:00–13:11:00.)[5]

On April 1, 2015, Plaintiff returned to medical, saying Defendant physically assaulted him on March 29, 2015. (ECF No. 27-5 at 21, 35.) The medical staff noted a one-half inch skin tear[6] on the inner part of Plaintiff's left upper-arm that was scabbed over by the time of the exam. (ECF No. 27-5 at 21, 29; ECF No. 27-8 at 88.) The only treatment he received was a

---

[5] This video evidence is in direct contradiction to Plaintiff's recorded testimony that Defendant was the only officer escorting Plaintiff and that he injured Plaintiff's left arm on the way to medical. (Rec. Testimony.) The video shows two officers escorting Plaintiff at all times, and on the way to medical Plaintiff is escorted by the right arm, not the left. (Video.)

[6] In Plaintiff's statement to the investigator from the Office of the Inspector General, Plaintiff alleged that he received a 2–3 inch laceration as a result of Defendant's conduct. (ECF No. 27-5 at 11.)

band aid. (ECF No. 27-5 at 21, 29; ECF No. 27-8 at 88.)

Plaintiff had a disciplinary hearing on April 2, 2015, regarding the disciplinary report he received on March 29, 2015. He was found guilty and received fifteen (15) days of disciplinary confinement as a result. (ECF No. 27-3 at 2–3.)

The Office of the Inspector General opened an investigation in early April of the incident after receiving a report that Plaintiff alleged Defendant assaulted him. The investigating officer noted many discrepancies between Plaintiff's allegations and the evidence. A review of the video evidence during the course of the investigation revealed that "[a]t no time during the reviewed audio/video was Officer Lee seen or heard acting unprofessionally or threatening Inmate Gathers. At no time during the reviewed video was Officer Lee acting abusively toward Inmate Gathers." The medical evidence also did not support Plaintiff's claims. At the close of the investigation, the officer concluded that there was no probable cause to prove that Defendant assaulted Plaintiff. (ECF No. 27-5 at 8, 16, 20–21.)

## III.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), the entry of summary judgment is appropriate only when the Court is satisfied that

"there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta*, 846 F. 2d 1328, 1330 (11th Cir. 1988).

As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785-86 (11th Cir. 2005).

In civil actions filed by inmates, federal courts "must distinguish between evidence of disputed facts and disputed matters of professional

judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgement stage." *Beard v. Banks,* 548 U.S. 521, 530 (2006).  Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. *See, e.g., Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

## IV. DISCUSSION

In his motion for summary judgment, Defendant argues that (1) Defendant is entitled to Eleventh Amendment immunity, (2) Defendant is entitled to qualified immunity, and (3) Plaintiff is not entitled to recover any damages per 42 U.S.C. § 1997e(e). (ECF No. 27.) Because the evidence does not support a finding that Defendant violated any of Plaintiff's constitutional rights, Defendant's motion for summary judgment is due to be granted as discussed below.

## A.    Defendant is entitled to Eleventh Amendment immunity for claims against him in his official capacity.

Because it is unclear from the complaint whether Plaintiff is suing

Defendant personally or in his official capacity, Defendant argues that he is immune from suit under the Eleventh Amendment for claims against him in his official capacity. (ECF No. 27 at 8–9.) Because Defendant is a state employee, a suit against him in his official capacity qualifies as a suit against the State of Florida for Eleventh Amendment purposes. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because Florida has not waived this immunity nor has it consented to suit for damages based on claims under § 1983 and because Congress has not abrogated a state's Eleventh Amendment immunity in suits for damages under § 1983, Defendant is immune from suit in his official capacity. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1513 (11th Cir. 1986). Accordingly, Plaintiff's claims against Defendant in his official capacity are due to be dismissed.

**B.    Defendant is entitled to qualified immunity with regard to Plaintiff's claims against him in his individual capacity because there is no evidence that Defendant violated Plaintiff's First or Eighth Amendment rights.**

Defendant next argues that he is entitled to qualified immunity because he acted reasonably toward Plaintiff and because he did not violate any of Plaintiff's constitutional rights. More specifically, Defendant argues that he did not use excessive force in violation of Plaintiff's Eighth

Amendment rights nor did he retaliate against Plaintiff and prevent him from filing grievances in violation of his First Amendment rights. (ECF No. 27 at 9–12.)

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An official wishing to invoke the affirmative defense of qualified immunity must have been acting within his discretionary authority. *Skop v. City of Atlanta, Georgia,* 485 F.3d 1130, 1136 (11th Cir. 2007).  If a defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not proper.  *Lee v. Ferraro*, 284 F.3d 1188, 1197-98 (11th Cir. 2002).

To determine whether qualified immunity applies to a government official performing a discretionary function, a court must consider two factors: (1) whether the evidence shows that the official's conduct violated a constitutional right; and (2) whether the right was clearly established. *Person v. Callahan*, 555 U.S. 223, 236 (2009). A court has the discretion to address the two prongs in either order. *Id.* "The relevant, dispositive inquiry

in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

The undisputed evidence here demonstrates that Defendant was a government official acting within his discretionary authority. "Discretionary authority" includes all actions by a government official that "were undertaken pursuant to the performance of his duties," and were "within the scope of his authority." *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994) (quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988)). A duty of a prison official is to escort prisoners within the prison.

Because Defendant was a government official undertaking actions pursuant to the performance of his duty to escort Plaintiff, the question therefore becomes whether Defendant violated Plaintiff's clearly established constitutional rights of which a reasonable person would have known.

With regard to Plaintiff's claim that Defendant violated his Eighth Amendment rights by using excessive force on Plaintiff, the Eighth Amendment requires that no cruel and unusual punishments be inflicted. U.S. Const. Amend. VIII. To support a claim for excessive force under the

Eighth Amendment, Plaintiff must establish that force was not used legitimately "in a good faith effort to maintain or restore discipline [but] maliciously and sadistically to cause harm." *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). Additionally, "[u]nless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain . . . the case should not go to the jury." *Whitley*, 475 U.S. at 322. A variety of factors are considered when determining whether the force was applied maliciously or sadistically, including the extent of the injury, the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force used. *Hudson v. McMillian*, 503 U.S. 1 (1992).

In the instant case, Plaintiff has failed to establish that Defendant used any force against him. Although Plaintiff alleges that Defendant used excessive force when he physically assaulted Plaintiff by sticking a sharp object—either Defendant's nails or a metal object—into Plaintiff's left arm while escorting Plaintiff, there is no evidence apart from Plaintiff's sworn complaint and his own testimony to support this claim. (Compl. at 5; Rec.

Testimony; Pl. Depo. at 21.)

The fixed wing video contradicts Plaintiff's version of events. It shows Plaintiff's escort to and from medical, and in both situations two officers were present at all times. On the way to medical, an officer other than Defendant escorted Plaintiff by his right arm. On the way back from medical, Plaintiff was escorted by Defendant, who was holding his left lower-arm. Throughout the duration of the video evidence, all individuals behave calmly and quietly, and there is no indication that any threats were made or that any incident or assault occurred. (Video.) This conclusion is affirmed by the Office of the Inspector General case report. (ECF No. 27-5 at 16.)

The medical evidence also contradicts Plaintiff's version of events. When Plaintiff visited medical during this escort, he made no allegation of physical assault to the medical staff, and they determined that no immediate treatment was necessary for any reason. (ECF No. 27-5 at 11, 28; ECF No. 27-8 at 89.) When Plaintiff returned to medical on April 1, 2015, his only injury was a one-half inch skin tear on the inner part of Plaintiff's left upper-arm,[7] which was already scabbed over. The only

---

[7] Again, the video evidence shows Defendant escorting Plaintiff by the lower part of Plaintiff's left arm, not by the area where this injury was located.

treatment Plaintiff received was a band aid. (ECF No. 27-5 at 21, 29; ECF No. 27-8 at 88.)[8]

Because the evidence does not support Plaintiff's allegations of excessive force, the Court finds that Defendant did not violate Plaintiff's Eighth Amendment rights. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment.").

With regard to Plaintiff's First Amendment retaliation claim, "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). An inmate is considered to be exercising his right of free speech when he complains to prison administrators about the conditions of his confinement. *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

"An inmate may maintain a cause of action for retaliation under 42

---

[8] This evidence contradicts Plaintiff's statements that he received bandages and antibiotic cream because the bleeding persisted. (Pl. Depo. at 30.) It also contradicts Plaintiff's statements that he had two lacerations as a result of this alleged assault. (Pl. Depo. at 27.)

U.S.C. § 1983 by showing that a prison official's actions were 'the result of the inmate's having filed a grievance concerning the conditions of his imprisonment.'" *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (quoting *Farrow*, 320 F.3d at 1248).

> To prevail on a retaliation claim, the inmate must establish that: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the official's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action (the disciplinary punishment) and the protected speech (the grievance)."

*Id.* (quoting *Smith*, 532 F.3d at 1276); *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). "To establish causation, the plaintiff must show that the defendant was 'subjectively motivated to discipline' the plaintiff for exercising his First Amendment rights." *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011)

To the extent that Plaintiff claims that the alleged assault by Defendant was in retaliation for grievances he previously filed in violation of Plaintiff's First Amendment rights, as discussed above the evidence does not show that this alleged assault actually occurred. Because Plaintiff has not shown that any retaliatory conduct occurred, he cannot prove a

violation of his First Amendment rights.

To the extent that Plaintiff alleges that Defendant violated his First Amendment rights by threatening to beat or kill Plaintiff if he filed a grievance or informed medical staff about his injuries, the evidence does not support Plaintiff's allegations. According to Defendant's sworn statement, "[d]uring [his] escort of Plaintiff, [he] treated him in a professional, courteous, and respectful manner. [He] did not abuse or otherwise threaten Plaintiff." (Def. Decl. at 3; *see also* ECF No. 27 at 12.) This treatment of Plaintiff by Defendant is confirmed in the Fixed Wing Video, which does not show Defendant making any verbal threats or acting in a threatening manner. (Video.) Further, the Office of the Inspector General case report concludes that "at no time during the reviewed audio/video was [Defendant] seen or heard acting unprofessionally or threatening [Plaintiff]." (ECF No. 27-5 at 16.)

Additionally, Plaintiff filed a grievance and complained of his injuries to medical staff. Plaintiff filed an inmate grievance regarding this alleged assault by Defendant, which he dated the same day as the alleged assault and submitted a week later. (ECF No. 27-9.) Plaintiff also informed medical staff on April 1, 2015, that he had been physically abused by Defendant.

(ECF No. 27-5 at 21.) Thus, even if Plaintiff had proven that Defendant threatened him, he cannot show that his protected speech was in any way adversely affected by Defendant's conduct. Accordingly, the Court finds that Defendant did not violate Plaintiff's First Amendment rights**.**

Because the evidence does not show that Defendant violated a constitutional right, Defendant is entitled to qualified immunity. *See Holloman ex rel. Holloman v. Harland,* 370 F.3d 1252, 1264 (11th Cir. 2004) (noting that for a plaintiff to show qualified immunity is improper, he must show that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation").

## C. The PLRA bars Plaintiff's claims for punitive and compensatory damages because Plaintiff has failed to prove more than a *de minimis* physical injury.

Defendant also argues that Plaintiff is not entitled to a claim for compensatory or punitive damages because Plaintiff has failed to show that he suffered from more than a *de minimis* physical injury as required by the PLRA. (ECF No. 27 at 12–16). Because Plaintiff has failed to prove that he suffered any injury resulting from the conduct of Defendant, the Court finds that the PLRA bars Plaintiff's claims for punitive and compensatory damages.

Under the PLRA, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). According to the Eleventh Circuit, the PLRA precludes claims for punitive and compensatory damages absent a showing of physical injury. *Al-Amin v. Smith*, 637 F.3d 1192, 1198 (11th Cir. 2011) (citing *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007)).

"In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." *Mann v. McNeil*, 360 F. App'x 31, 31 (11th Cir. 2010) (quoting *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002)). Although the injuries must be greater than *de minimis*, the physical injuries need not be significant. *Dixon v. Toole*, 225 F. App'x 797, 799 (11th Cir. 2007); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *op. reinstated in part on rehearing*, 216 F.3d 970 (2000).

As evidenced by the record, Plaintiff did not suffer more than *de minimis* physical injuries as a result of Defendant's conduct. The only

evidence of any injury at all is a one-half inch skin tear on the inner part of

Plaintiff's left upper-arm that was scabbed over by the time of the exam,

and the only treatment he received for this was a band aid. (ECF No. 27-5

at 21, 29; ECF No. 27-8 at 88.)[9]

Applying Eleventh Circuit precedent, Plaintiff's injuries do not

constitute injuries that are more than *de minimis*. *See Mann*, 360 F. App'x

at 31 (vague back injuries and scrapes and marks on knees and legs

amount to *de minimis* injuries); *Dixon*, 225 F. App'x at 799 (bruising from

restraints is *de minimis* injury).

Accordingly, Plaintiff has failed to prove that he suffered more than

*de minimis* physical injuries, so he is precluded under the PLRA from

bringing claims for punitive and compensatory damages.

## D. Because Plaintiff has failed to prove that Defendant violated his First or Eighth Amendment rights, Plaintiff is not entitled to nominal damages.

Although Plaintiff is not entitled to punitive and compensatory

damages because he did not suffer more than *de minimis* physical injury,

he would still be entitled to recover nominal damages if he could prove a

---

[9] Again, the medical evidence contradicts Plaintiff's statements that he suffered from two lacerations that bled for multiple days and that his arm became infected or went numb as a result of Defendant's conduct. (Pl. Depo. at 27, 30.)

violation of his constitutional rights. As previously mentioned, however,

Plaintiff has not established any violation of his constitutional rights. Thus,

even if Plaintiff had requested nominal damages,[10] he would not be entitled

to receive nominal damages.

## V.  CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Defendant's Motion for Summary Judgment, ECF No. 27, should be **GRANTED**.

**IN CHAMBERS** this 30th day of November 2017.


*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[10] In Plaintiff's complaint, he requests punitive damages and compensatory damages only. (Compl. at 7.)